# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT VOORHEES, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| MONTGOMERY COUNTY | : | NO. 18-3774 |
| COMMUNITY COLLEGE, | : | |
|     Defendant | : | |

Jones, II    J.                                                                                                August 2, 2019

## **MEMORANDUM**

### I.      INTRODUCTION

Defendant Montgomery County Community College moves for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure seeking dismissal of Plaintiff Robert Voorhees' Americans with Disabilities Act ("ADA") claims.  (Mot. J. Pleadings 1, ECF No. 6.)  Defendant contends Plaintiff did not fully exhaust his administrative remedies because he obtained his notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") instead of the United States Attorney General.  (Mot. J. Pleadings 1.)  Defendant argues the Attorney General, not the EEOC, must issue a notice of right to sue when the party

1

being faced with claims under the ADA is a governmental agency or a political subdivision.[1] (Mot. J. Pleadings 5.) For the reasons set forth herein, Defendant's Motion for Partial Judgment on the Pleadings shall be denied.

## II. STANDARD OF REVIEW

A party may move for judgment on the pleadings, " [a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), affd, 365 F. App'x 427 (3d Cir. 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *Allstate Ins. Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the

---

[1] 42 U.S.C. § 2000e-5(f)(1) distinguishes between respondents who are private parties and respondents who are "government, governmental agency, or political subdivision" because Congress wanted the Attorney General, and not the EEOC, to bring suits, when warranted, against government entities. The statute treats all three types of government entities the same, so determination of the particular type is not critical. However, to be clear, for purposes of this opinion, Defendant shall be considered a "political subdivision" under § 2000e-5 (f)(1). Although § 2000e does not define "political subdivision" or "governmental agency," community colleges have been considered political subdivisions under Pennsylvania law. *See Comty. Coll. of Allegheny Cnty. v. Seibert*, 601 A.2d 1348, 1351-52 (Pa. Commw. Ct 1992). Moreover, Defendant is governed by Montgomery County, *About MCCC*, MONTGOMERY COUNTY COMMUNITY COLLEGE (Jul. 30, 2019, 11:25 AM), https://www.mc3.edu/about-mccc, and, under Pennsylvania and Federal law, a county is a political subdivision. Title 1 Pa.C.S.A § 1991 (enumerating "county" as one type of "political subdivision" in the "Definitions" section of the Pennsylvania statutory general provisions); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 697 (1978) (enumerating "county" as one type of "political subdivision of a State").

applicable legal standards"). When considering a motion to dismiss, a court shall "accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675 (3d Cir. 2012).

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a sixty-four-year-old man diagnosed with severe anxiety, stress, and depression, began working for Defendant in July 2017 as a Manager within Defendant's Human Resources Department and was the oldest and only male employee. (Compl. ¶¶ 8-10, ECF No. 1.) Plaintiff alleges his supervisor, Diane O'Connor, made a series of discriminatory statements with respect to his age and alleged disability, which ultimately worsened his condition to the extent that he took short-term disability leave from November 22, 2017, to January 3, 2018. (Compl. ¶¶ 12-27.) On both January 17 and 24, 2018, Ms. O'Connor notified Plaintiff that his employment would be terminated as of May 30, 2018. (Compl. ¶ 36.) Plaintiff filed a charge with the EEOC on May 18, 2018, alleging violations of the Age Discrimination in Employment Act ("ADEA") and the ADA. (Compl. ¶ 4.) On June 7, 2018, the EEOC mailed Plaintiff a notice of right to sue. (Compl. ¶ 5.) On September 4, 2018, Plaintiff filed a complaint against Defendant alleging violations of both the ADEA and the ADA. (Compl. ¶ 1.) On November 19, 2018, Defendant filed this Motion for Partial Judgment on the Pleadings seeking dismissal only of Plaintiff's ADA claims on a theory that Plaintiff failed to exhaust administrative remedies. (Mot. J. Pleadings 1).[2]

---

[2] The theory upon which Defendant seeks dismissal of Plaintiff's ADA claim does not apply to Plaintiff's ADEA claim because the procedural provisions set forth in 42 U.S.C. § 2000e-5, which apply to the ADA, do not apply to the ADEA. *See* Mot. J. Pleadings 5 n.2.

3

## IV. DISCUSSION

### A. Source of Right to Sue Letter

Claims brought under the ADA are subject to the procedural requirements set forth in 42 U.S.C. § 2000e-5. 42 U.S.C. § 12117(a). A plaintiff bringing a claim under the ADA must exhaust all administrative remedies prior to bringing a civil action in court. *See Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999). *See also Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (exhaustion of administrative remedies is an "essential element" for bringing a civil action in court under Title VII). In order to exhaust administrative remedies, a plaintiff must first file a charge of discrimination with the EEOC, after which the EEOC determines whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5 (b). If the EEOC finds reasonable cause, then it first attempts to resolve the unlawful employment practice through informal conciliation efforts. *Id.* If these efforts fail, the EEOC can then bring a civil action in court, or, in cases where the respondent is a governmental agency or a political subdivision, refer the case to the United States Attorney General, who then decides whether to bring a civil action. 42 U.S.C. § 2000e-5(f)(1). The Attorney General, not the EEOC, has the power to sue a governmental agency or a political subdivision when there is reasonable cause to believe that unlawful employment discrimination has occurred. *Id.*

However, if the EEOC, in its initial investigation, concludes there is no reasonable cause to believe the employment discrimination charge is true, as it did in this case (Compl. Ex. 2), then no further action is taken and a notice of right-to-sue is issued, which "indicates that a complainant has exhausted administrative remedies." *Burgh*, 251 F.3d at 470 (citing 42 U.S.C. § 2000(e) (5)(f)(1)). Within ninety days of receiving this notice, a plaintiff can bring a civil action. 42 U.S.C. § 2000e-5(f)(1). Here, Defendant neither disputes that Plaintiff first filed a

charge with the EEOC nor that he timely brought his civil action. (Mot. J. Pleadings 1.) Defendant specifically challenges the issuance of Plaintiff's right-to-sue letter, arguing it does not satisfy administrative exhaustion requirements because it came from the wrong source. Thus, the specific exhaustion requirement at issue is who must issue the right-to-sue notice after the EEOC determines there is no reasonable cause when the respondent is a government agency or a political subdivision.

Regarding the notice of right to sue, the statutory language provides, in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved* and within ninety days after the giving of such notice a civil action may be brought against the respondent . . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added).

Defendant argues this language requires a plaintiff to obtain a notice of right to sue from the Attorney General rather than from the EEOC in all cases involving a government agency or a political subdivision. (Mot. J. Pleadings 5.) Because Plaintiff obtained his notice of right to sue from the EEOC and not the Attorney General, Defendant argues Plaintiff failed to fully exhaust his administrative remedies. (Mot. J. Pleadings 1.) In support of its argument, Defendant cites *Hiller v. Okla. ex rel. Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1250 (10th Cir. 2003), which interpreted this statutory language as giving the Attorney General the exclusive power to issue a notice of right to sue in cases where the respondent is a governmental agency or

a political subdivision. Defendant also cites the legislative history of the 1972 amendments to Title VII, which extended Title VII to cover state and local governments, agencies, and political subdivisions. (Mot. J. Pleadings 5.) Defendant specifically points to Congress's intent to give the Attorney General the exclusive power to bring a civil action against a government agency or a political subdivision. (Mot. J. Pleadings 6.) Guided by *Hiller* and its interpretation of the legislative history, Defendant reads the language of the statute to mean that the Attorney General also has the exclusive power to issue a notice of right to sue whenever the respondent is a government agency or a political subdivision. (Mot. J. Pleadings 6.)

The approach taken by the 10th Circuit, however, is not the only approach, nor does this Court find it to be the most persuasive. *Marion v. City of Philadelphia* held that the plaintiff could proceed with her Title VII action against a government entity after she obtained her notice of right to sue from the EEOC. 161 F. Supp. 2d 381, 385 (E.D. Pa. 2001). In reaching this holding, *Marion* relied on case law allowing plaintiffs to maintain their Title VII claims "where they were able to show that they were entitled to the right-to-sue letter and requested it." *Id.* at 384 (citing *Fouche v. Jekyll-Island-State Park Auth.,* 713 F.2d 1518 (11th Cir. 1983); *Johnson v. Duval County Teachers Credit Union*, 507 F. Supp. 307 (M.D. Fla. 1980); *Stapper v. Texas Dept. of Human Res.*, 470 F. Supp. 242 (W.D. Tex. 1979)). *Marion* also drew support from *Moore v. City of Charlotte,* 754 F.2d 1100, 1104 n.1 (4th Cir.1985), and *Thayer v. Washington County School Bd.*, 949 F. Supp. 445, 447 (W.D. Va. 1996), both of which rejected arguments that the plaintiff was precluded from suit because the EEOC, not the attorney general, had issued

a right to sue letter.³ Applying the rationale of *Fouche*, *Johnson*, *Stapper*, *Moore*, and *Thayer*, the *Marion* court reasoned that the plaintiff was "entitled" to a right-to-sue letter and would not be precluded from suit just because she received it from the EEOC rather than the Attorney General. *Marion*, 161 F. Supp. 2d at 385.

This Court is also persuaded by rationale employed by the D.C. Circuit in *Dougherty v. Barry*, which interpreted 42 U.S.C. § 2000e-5(f)(1) as allowing the EEOC, instead of the Attorney General, to issue the notice of right to sue a government entity once it determines that there is no reasonable cause to warrant further action.⁴ 869 F.2d 605, 611 (D.C. Cir. 1989). The D.C. Circuit specifically relied on a sentence appearing earlier in 42 U.S.C. § 2000e-5(f)(1), which states that the EEOC only refers a case to the Attorney General after its own informal conciliation efforts fail. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). But, before the EEOC even attempts conciliation efforts, it must first find reasonable cause to believe the charge is true. *Id.* (citing 42 U.S.C. § 2000e-5(b)). Therefore, the D.C. Circuit held that in cases where the respondent is a governmental agency or a political subdivision, and where the EEOC has not found reasonable cause to warrant further action, the EEOC does not refer the case to the Attorney General but instead issues the notice of right to sue itself. *Id.* The D.C. Circuit

---

³ *Moore* and *Thayer*, and *Marion* in discussing *Moore* and *Thayer*, couched the argument for preclusion for failure to obtain a notice of right to sue a government entity from the Attorney General as a question of subject matter jurisdiction. Although obtaining a notice of right to sue is a requirement for exhausting administrative remedies, it is a "nonjurisdictional [requirement], akin to statutes of limitations." *Commc'ns Workers of Am. V. N.J. Dep't of Pers.* 282 F.3d 213, 216-17 (3d Cir. 2002). Thus, *Moore* and *Thayer,* and *Marion*'s discussion thereof, are distinguishable in the particular framing but still instructive with respect to the general concept of a plaintiff's entitlement of a notice of right to sue.
⁴ The larger question addressed in *Dougherty* concerned whether the Justice Department's issuance of a second notice of right to sue altered the status of a plaintiff's right to sue created by a previously issued notice from the EEOC. *Dougherty v. Barry*, 869 F.2d 605, 609-13 (D.C. Cir. 1989). However, as a predicate question, the D.C. Circuit analyzed whether the EEOC could validly issue a notice of a plaintiff's right to sue a government entity. *Id.*

reasoned "[t]he Attorney General will issue such notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action." *Id.* at 611-12. Under this approach, then, when the EEOC does not find reasonable cause, obtaining a notice of right to sue a government entity from the EEOC instead of the Attorney General fully exhausts administrative remedies. The D.C. Circuit was supported in its interpretation by an EEOC regulation, which the EEOC published upon request of the Justice Department itself, that furnished the same interpretation:

> In all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue a notice of right to sue when there has been a dismissal of a charge. . . . In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including . . . when there has been a finding of reasonable [**23] cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action.

*Dougherty*, 869 F.2d at 612 (citing 29 C.F.R. § 1601.28(d)) (alterations in original).

The 10th Circuit considered the same regulation in *Hiller* and held it to be void, reasoning that it is contrary to the plain language of 42 U.S.C. § 2000e-5(f)(1). *Hiller*, 327 F.3d at 1250. However, this Court finds the interpretation adopted by the D.C. Circuit and the analogous reasoning employed by the 4th and 11th Circuits to be more instructive and more persuasive.

Here, in accordance with this Court's interpretation of 42 U.S.C § 2000e-5(f)(1) and the above-mentioned regulation, the EEOC, after not finding reasonable cause to believe Plaintiff's charge was true, properly provided Plaintiff with a notice of right to sue on June 7, 2018. (Compl. Ex. 2.) Under these circumstances, it would not have been necessary for the EEOC to then refer the case to the Attorney General for issuance of a notice of right to sue. By timely

8

bringing a civil action in court on September 4, 2018, Plaintiff exhausted all administrative remedies with respect to his ADA claims and therefore may proceed on these claims in court.

### B. *Chevron* Analysis

Defendant contends that 29 C.F.R. § 1601.28(d) is void under *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984), because it directly conflicts with the clear language of 42 U.S.C. § 2000e-5(f)(1). (Mot. J. Pleadings 7.) The Court in *Chevron* held that when statutory language is unambiguous, administrative agencies must give effect to the expressed intent of Congress. *Chevron*, 467 U.S. at 842-43. However, when there is ambiguity or a gap in the statutory text, courts shall defer to an administrative agency's interpretation of the text as long as it is not "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844. In *U.S. v. Geiser*, the Third Circuit described the relevant test as one of "reasonableness." 527 F.3d 288, 292 (3d Cir. 2008). In order to invoke *Chevron* deference, it must first be established that the statute delegated authority to the administrative agency to create regulations. *United States v. Mead Corp.,* 533 U.S. 218, 226–27 (2001). *See also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 109 (3d Cir. 2001) (finding *Chevron* deference not applicable to "agency regulations that merely implement a statute for which no delegation of authority was involved").

Here, 42 U.S.C. § 2000e-12(a) explicitly delegates authority to the EEOC to promulgate procedural regulations relating to employment discrimination claims arising under 42 U.S.C. § 2000e. *See Ebbert*, 319 F.3d at 110 (finding § 2000e-12(a) grants EEOC "broad procedural powers for the administrative stage of discrimination complaints"). The regulation at issue here, 29 C.F.R § 1601.28(d), is a procedural regulation and is administrative in nature because it directly involves the issuance of a right to sue letter, which is one of several agency procedures that occurs after a plaintiff files a discrimination charge.

Since 42 U.S.C. § 2000e-12(a) delegates rulemaking power to the EEOC, the next step in a *Chevron* analysis is to ask "whether Congress has directly spoken to the precise question at issue." *Chen v. Ashcroft*, 381 F.3d 221, 224 (3d Cir. 2004). At this step, a court considers the "text and structure" of the statute in question, but does not consider legislative history. *Geiser*, 527 F.3d at 292. Here, the question at issue is who must issue the notice of right to sue after the EEOC concludes that there is no reasonable cause in cases involving a government entity. Contrary to what Defendant argues, the statutory language does not clearly state that the Attorney General has the exclusive power to issue a notice of right to sue in all cases involving a governmental agency or a political subdivision, particularly in circumstances where the EEOC did not attempt informal conciliation efforts:

> . . . the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent . . . .

42 U.S.C. § 2000e-5(f)(1). The D.C. Circuit found this language "dense" with regards to who must issue the notice of right to sue when the EEOC does not find reasonable cause. *Dougherty,* 869 F.2d at 611. One possible interpretation of this specific provision, adopted by the D.C. Circuit, is that the Attorney General must issue a notice of right to sue a government entity only when the EEOC first finds reasonable cause, informal conciliation efforts fail, and the EEOC refers the case to the Attorney General who then decides not to bring a civil action. *Id*. at 611-12. Another possible interpretation, adopted by the 10th Circuit, is that the Attorney General must

always issue the notice, even when the EEOC does not find reasonable cause. *Hiller*, 327 F.3d at 1250.

Since the statutory language is ambiguous on this issue, it is necessary to proceed to the final step in a *Chevron* analysis, which asks whether the agency's interpretation is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844. The EEOC's interpretation of 42 U.S.C. § 2000e-5(f)(1), which was adopted by the D.C. Circuit in *Dougherty*, is reasonable because it considers an earlier sentence in this section:

> In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent.

42 U.S.C. § 2000e-5(f)(1). This sentence implies that if the EEOC does not even find reasonable cause, which is a prerequisite to its attempting informal conciliation agreements, then it is not necessary for it to then refer the case to the Attorney General for issuance of a notice of right to sue. Moreover, this interpretation is not arbitrary or capricious because the purpose of 29 C.F.R. § 1601.28(d) is to avoid duplication of effort between the Attorney General and the EEOC as well as to clarify when the filing period starts in cases where the respondent is a governmental agency or a political subdivision. *See 45 Fed. Reg. at 48,617*; *Hiller*, 327 F.3d at 1250 (10th Cir. 2003) (discussing history and rationale of 29 C.F.R. § 1601.28(d)). Thus, the EEOC's interpretation is reasonable and warrants deference from this Court.

V.   **CONCLUSION**

For the reasons set forth above, this court holds that the Attorney General does not have to issue a notice of right to sue in cases involving a government, governmental agency, or a

political subdivision if the EEOC does not find reasonable cause to believe the charge is true. Therefore, Defendant's Motion for Partial Judgment on the Pleadings shall be denied.

An appropriate order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.